IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: JESUS RAY BROADIE,                                              ORDER

             Plaintiff.                                                         10-cv-387-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on August 30, 2010, I told plaintiff that before I could consider his request to proceed in forma pauperis he would have to submit a trust fund account statement covering the six-month period preceding the filing of his complaint so that I could assess an initial partial payment of the $350 fee for filing this case. Plaintiff has submitted the requested statement. From the statement, I have calculated plaintiff's initial partial payment to be $100.91. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $100.91 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.

      There is another issue to address. In the August 30, 2010 order, I told plaintiff that

1

I do not usually consider the merits of a plaintiff's complaint until the plaintiff pays the initial partial payment of the filing fee.  However, it was clear from the face of plaintiff's illegible complaint that it violated Fed. R. Civ. P. 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  I dismissed plaintiff's complaint and gave him a chance to file an amended complaint. Now plaintiff has filed an amended complaint, but this complaint suffers from similar problems.  In addition, since filing his amended complaint, plaintiff has filed more than ten letters, each of which seems to raise new allegations.  The only allegations the court can consider are those in the complaint.  Plaintiff cannot continue to add new allegations onto his lawsuit on a daily basis.

Accordingly, I will dismiss the amended complaint for failure to comply with Rule 8, and give plaintiff another chance to submit an amended complaint.  In his second amended complaint, plaintiff should take special care to:

- Write as legibly as possible.

- Include each claim he wishes to bring in the lawsuit; he will not be able endlessly tack on new allegations once the case begins to proceed.

- Organize the complaint in a way that will allow the defendants and the court to understand precisely which of his claims are alleged against which defendants.  He should use headings to separate each claim, and explain in each section what each defendant did to

violate plaintiff's rights.

• Insert each defendant's name in the caption of the complaint. He will not be allowed to proceed against people who are not listed as defendants.

ORDER

IT IS ORDERED that

1. Plaintiff is assessed $100.91 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $100.91 on or before November 26, 2010. If, by November 26, 2010, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

2. Plaintiff's first amended complaint, dkt. #11, is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 8. He will have until November 26, 2010, to submit an amended complaint.

3. Should plaintiff fail to respond to this order by November 26, 2010, the case will

be dismissed without prejudice to his refiling it at a later date.

Entered this 8th day of November, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge